**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-31312
Summary Calendar

ROBERT NAMER, Debtor.


ROBERT NAMER, a/k/a Robert Behar,

Appellant,

versus

FEDERAL TRADE COMMISSION,

Appellee.


Appeal from the United States District Court
For the Eastern District of Louisiana
(94-CV-3265-M)

November 27, 1996

Before POLITZ, Chief Judge, DAVIS and EMILIO M. GARZA, Circuit Judges.

POLITZ, Chief Judge:[*]

Robert Namer appeals the district court's affirmance of a judgment of the

bankruptcy court declaring the nondischargeability of a debt due the Federal Trade

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Commission.  We affirm.

## Background

Namer was the president, chief executive officer, director, and sole shareholder of a Louisiana corporation, National Business Consultants, Inc. (NBC). NBC was in the business of selling management services to prospective sales consultants through advertisements in trade journals and national periodicals, and by telephone contacts.  On April 19, 1989 the Federal Trade Commission filed a complaint against Namer and NBC seeking injunctive and monetary relief, alleging that Namer had made a variety of false and misleading representations in order to promote the sale of business consulting franchises.  The Commission alleged that these misrepresentations violated section 5 of the FTC Act, 15 U.S.C. § 45, and the FTC trade regulation called the "Franchise Rule," 16 C.F.R. § 436.

After a bench trial in July 1989 the issue of liability was decided with the court finding that Namer knowingly misrepresented to prospective franchisees, *inter alia*:  (1) the earnings of his existing franchises; (2) the exclusivity of the franchises; (3) that NBC had large national clients; (4) that the franchisees would not be required to market their own services because clients would be supplied to them; and (5) that NBC franchisees were authorized to do business in all 50 states. The court concluded that Namer had violated section 5 of the FTC Act and the

2

Franchise Rule. On November 8, 1991 a judgment was entered in favor of the FTC and against Namer and NBC, jointly and severally, in the amount of $3,019,377, plus interest, attorneys fees, and costs. All appeals of this judgment have been exhausted, and the judgment is final and dispositive.

In December of 1991 Namer and NBC filed petitions pursuant to Chapter 11 of the Bankruptcy Code. The FTC moved the bankruptcy court to dismiss the petitions on grounds that the filing was not in good faith and that it was only an effort by Namer to forestall the collection of its judgment. The FTC's motion was granted "with prejudice against the filing of further bankruptcy petitions."[1] In January 1993, however, Namer again filed a petition in bankruptcy, invoking Chapter 7 of the Bankruptcy Code.

The FTC filed an adversary proceeding seeking to have its judgment declared a nondischargeable debt under 11 U.S.C. § 523(a)(2)(A). The Commission moved for summary judgment, contending that as a matter of law the judgment was nondischargeable because it arose as a result of Namer's false representations to consumers. It further contended that Namer was estopped by the previous decision from denying that the debt arose as a result of his false representations. Namer objected to the Commission's motion and countered that the Commission had not

---

[1]**In re Namer**, 141 B.R. 603, 609 (Bankr. E.D.La. 1992).

pleaded fraud in its earlier suit.[2]

The bankruptcy court granted the FTC's motion, holding that the district court findings of fact and conclusions of law collaterally estopped Namer from relitigating the elements of the Commission's claim of nondischargeability under 11 U.S.C. § 523(a)(2)(A). The bankruptcy court found that all issues relevant to a determination of nondischargeability were actually litigated in **FTC v. NBC** and that the resolution of these issues was necessary to the court's judgment. Finally, the bankruptcy court found that even if the district court's decision was not entitled to collateral estoppel effect, that decision provided ample evidence to sustain the Commission's claim of nondischargeability.

Namer appealed the decision of the bankruptcy court to the district court, which affirmed the bankruptcy court. The district court found that the **FTC v. NBC** decision resolved the issue of Namer's false representations. Namer moved for a rehearing and a new trial. That motion was denied. Namer appeals.

## Analysis

We review the district court's affirmance of the bankruptcy court's grant of summary judgment *de novo*.[3] Under 11 U.S.C. § 523(a)(2)(A), a debtor may not

---

[2]**FTC v. NBC**, 781 F.Supp. 1136 (E.D.La. 1991).

[3]**Tubacex, Inc. v. M/V Risan**, 45 F.3d 951 (5th Cir. 1995).

be discharged in bankruptcy from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by -- false pretenses, a false representation, or actual fraud. . . ." A creditor seeking to establish the nondischargeability of its debt under section 523 may do so directly or, where appropriate, may rely on the collateral estoppel effect of an earlier court decision that establishes the nondischargeability.[4] More specifically, we have previously held that the application of collateral estoppel depends on three elements: "(1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action."[5]

We find that the bankruptcy court correctly concluded that the district court's decision in **FTC v. NBC** established each and every element needed to assure the nondischargeability of the Commission's judgment. First, the district court determined that Namer intentionally made false statements to consumers in order to induce the purchase of the franchises he was selling.[6] The district court also

---

[4]See **Grogan v. Garner**, 498 U.S. 279 (1991).

[5]**RecoverEdge L.P. v. Pentecost**, 44 F.3d 1284, 1290 (5th Cir. 1995).

[6] 781 F.Supp. at 1148.

found that these misrepresentations were made with Namer's knowledge and that Namer's customers reasonably relied upon them.[7] The court thus resolved issues identical to the ones involved in the determination of the nondischargeability under section 523(a)(2)(A). Thus, both the first element, the requirement that the issues are identical, and the second element, the requirement that the issues were actually litigated, were established.

Finally, the third element of the test to determine whether the judgment is now to be given collateral estoppel effect was established. It is manifest that the issues relevant to a determination of nondischargeability were necessary to the court's decision in **FTC v. NBC**. The court held that Namer's business operation was laced with misrepresentations and deceptions and caused millions of dollars of consumer injury. Namer was held personally liable for the violations of section 5 of the FTC Act and the court necessarily concluded that Namer knew of the misrepresentations and that the consumers relied upon them. The bankruptcy court correctly determined that all three criteria for holding the judgment against Namer as nondischargeable were sufficiently established in **FTC v. NBC**, and it appropriately granted summary judgment to the Commission.

Namer contends that the judgment in **FTC v. NBC** cannot be given collateral

---

[7]**Id.** at 1142-45, 1152.

estoppel effect against him because he was not represented by counsel during all portions of the proceedings. Namer maintains that because of this he was not given a full and fair opportunity to litigate the claims and issues in the first action. Namer was fully represented at trial on the merits. Although he was acting *pro se* during the district court's order on damages, NBC was being represented by the same attorney that had formerly represented Namer. In fact, the record reflects that many of the briefs and motions were filed jointly. Moreover, the interests of Namer and his codefendant were identical throughout the litigation. We conclude that Namer had a full and fair opportunity to litigate the claims and issues.

AFFIRMED.