United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————

No. 03-30282

————

FEDERAL TRADE COMMISSION,

Plaintiff - Appellee,

versus

NATIONAL BUSINESS CONSULTANTS, INC.; ROBERT NAMER; VOICE OF AMERICA,
INC.; AMERICA FIRST COMMUNICATIONS, INC.; NAMER, INC.; FRIENDS OF
ROBERT NAMER,

Defendants - Appellants.

--------------------
Appeals from the United States District Court
for the Eastern District of Louisiana
--------------------

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

BENAVIDES, Circuit Judge:

Defendants-Appellants appeal from the district court's Amended Judgment of April 8, 2003

that amended a 1991 Judgment in favor of Plaintiff-Appellee Federal Trade Commission ("FTC")

against Defendants-Appellants National Business Consultants, Inc. ("NBC") and Robert Namer. The

Amended Judgment added: (1) Namer, Inc.; (2) America First Communications, Inc.; (3) Voice of

America, Inc.; and (4) Friends of Robert Namer (collectively, the "Additional Parties") as additional

defendants and judgment debtors. Finding no error, we affirm.[1]

---

[1] Appellants prematurely filed a notice of appeal before a final judgment was entered in
this case. The FTC moved to dismiss the original appeal for lack of jurisdiction. The district
court subsequently entered a final judgment, and Appellants timely filed a notice of appeal from
that judgment. In light of the proper filing of the instant appeal, the first appeal is now moot, and

I. BACKGROUND

In 1989, the FTC sued Defendants-Appellants Robert Namer and NBC, a corporation wholly-owned by Namer, under the Federal Trade Commission Act ("FTCA"), specifically the sections codified at 15 U.S.C. §§ 45(a), 53(b), and 57b, and the FTC's Franchise Rule, 16 C.F.R. § 436.1. At the time, Namer and NBC were engaged in the nation-wide sale of business franchises. The FTC alleged that Namer and NBC made numerous material misrepresentations to potential franchisees, made unsupported earnings claims, failed to provide required supporting documentation, and failed to make required disclosures. The FTC sought injunctive and monetary relief to redress the losses suffered by defrauded franchisees. Following a bench trial on the issue of liability, the district court found in favor of the FTC. In November 1991, the district court entered a judgment rendering Namer and NBC jointly and severally liable to the FTC for three million dollars, which represented the relief and damages awarded for consumer redress. In addition, the district court awarded pre-judgment interest, attorneys' fees and costs.

In July 2002, the FTC filed a motion to conduct a judgment debtor examination of Namer pursuant to the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C.A. §§ 3001-3308 (West 2004), and Rule 69(a) of the Federal Rules of Civil Procedure. The FTC sought to determine whether Namer had any assets that could be obtained to satisfy the judgment. Based upon evidence presented during the January 2003 examination, the district court found that Namer made use of three closely held entities — Namer, Inc., America First Communications, Inc., and Voice of America, Inc. — "for the calculated purpose of frustrating the Federal Trade Commission from enforcing the judgment in its favor." *Federal Trade Comm'n v. Namer*, No.

we dismiss it as such.

2

89-1740, 2003 WL 193503, at *3 ( E.D. La. January 27, 2003). Concluding that the unpaid judgment owed to the FTC constituted a "debt" owed to the United States, the district court also found that Namer violated the FDCPA "by purposefully transferring income and assets" to those entities "and by incurring debt and making loans" to a fourth entity — Friends of Robert Namer — that were "calculated to hinder, delay and avoid collection of the judgment against him." *Id.*

Based upon these findings, the district court ordered the Additional Parties to show cause why they should not be named as parties and as judgment debtors under the FDCPA, Louisiana law, or both. Representatives from the prospective defendants did not appear at the show cause hearing. Counsel for the Additional Parties submitted affidavits on behalf of America First Communications, Inc., Voice of America, Inc., and Namer, Inc. Finding that neither Namer nor the Additional Parties showed cause as to why the judgment should not be amended to include them, the district court issued an Amended Judgment joining the Additional Parties as defendants and finding them jointly and severally liable, along with Namer and NBC, to the FTC for the judgment. Appellants timely appealed.

## II. DISCUSSION

A. *Debt owing to the United States under the FDCPA*

Appellants argue that the FTC cannot rely on the FDCPA enforcement provisions because the money judgment does not constitute a "debt," as defined by the Act. In addressing this claim, we review a district court's statutory construction *de novo*. *United States v. Phillips*, 303 F.3d 548, 550 (5th Cir. 2002).

The FDCPA applies only to amounts owing as debts. 28 U.S.C. § 3001(c). The FDCPA defines "debt" as:

> an amount that is owing to the United States on account of a fee, duty, lease, rent, service, sale of real or personal property, overpayment, fine, assessment, penalty, restitution, damages, interest, tax, bail bond forfeiture, reimbursement, recovery of a cost incurred by the United States, or other source of indebtedness to the United States, but that is not owing under the terms of a contract originally entered into by only persons other than the United States.

*Id.* § 3002(3)(B). Appellants assert that the money judgment is not "owing to the United States" because it represents relief and damages awarded for consumer redress that the FTC must pass on to the defrauded franchisees.[2]

We agree with the district court that the FDCPA applies in this action because the unpaid judgment owed to the FTC constitutes a debt owing to the United States.[3] "When interpreting a statute, we look first and foremost to its text." *United States v. Alvarez-Sanchez*, 511 U.S. 350, 356 (1994). The relevant text is clear and unambiguous. The FDCPA applies to "an amount that is owing to the United States." 28 U.S.C. § 3002(3)(B). The terms of the judgment render Appellants jointly and severally liable to the FTC, not to private individuals, for the entire amount

---

[2] Appellants primarily rely upon *United States v. Bongiorno*, in which the First Circuit held that the federal government could not collect certain child support payments via the FDCPA because the debt was "not owed to the United States in an economically meaningful sense." 106 F.3d 1027, 1039 (1st Cir. 1997). The First Circuit held that "a debt cannot be eligible for inclusion under the FDCPA if the United States is neither the formal owner nor the direct beneficiary of it." *Id.* at 1037. Although we decline to adopt the First Circuit view of "economic meaningfulness" because it entails a more narrow use of debt than the statute contemplates, Appellants' claim fails even if considered under this rubric. The FTC is the formal owner of the entire debt and beneficial owner of that portion of the judgment representing costs and attorneys fees. Moreover, the FTC is the only entity entitled to enforce the judgment.

[3] Although we previously held in *United States v. Phillips* that the government can use the FDCPA to enforce victim restitution orders in favor of a private party under the Mandatory Victims Restitution Act, we left open the precise question raised here. 303 F.3d 548, 550-51 (5th Cir. 2002).

4

of the judgment.[4]  The FTC is considered the United States for purposes of the FDCPA.  *See id.* §

3002(15)(B).  Therefore, the United States, not any individual or group of individuals, is the

formal owner of the judgment.

Although a portion of the judgment representing the damages awarded for consumer

redress may ultimately be paid by the government to the defrauded franchisees, nothing in the

statutory text requires that the government be the exclusive beneficiary of the judgment for the

statute to apply.[5]

B.      *Authority to join the Additional Parties as judgment debtors*

Appellants alternatively assert that, even if this case involves a "debt" for purposes of the

FDCPA, the district court lacked authority to join the additional entities as defendants and

judgment debtors absent a motion by the United States or the debtor.  Appellants concede that the

addition of parties as judgment debtors is permitted under section 3012 of the FDCPA upon

motion of the "the United States or the debtor."  28 U.S.C. § 3012.[6]  Appellants overlook the

_____

[4] The original Judgment rendered Namer and NBC "liable jointly and severally unto the plaintiff, Federal Trade Commission," for the sums specified in the judgment.  Likewise, the Amended Judgment leaves the quantum of the judgment undisturbed and runs "in favor of the plaintiff, Federal Trade Commission."

[5] Relying on *NLRB v. E.D.P. Medical Computer Systems, Inc.*, the FTC argues that it "acts in the public's interest," and "serves as more than a mere conduit when it initiates an action" to collect a judgment for consumer redress.  6 F.3d 951, 955 (2d Cir. 1993) (holding that because the National Labor Relations Board acts in the public's interest when it initiates an action to collect a backpay award, such award constitutes a debt owing to the United States under the FDCPA).  Although we do not find it necessary to rely on the public interest argument, our decision in this case is consistent with the Second Circuit's view.

[6] Though the statute does not explicitly contemplate amending the judgment to render the parties judgment debtors, we need not decide this issue as Appellants concede that the statute allows for such action.  The statute provides: "The United States or the debtor may join *as an additional defendant* in an action or proceeding under this chapter any person reasonably believed

5

import and language of section 3013 of the FDCPA.

Although section 3012 speaks only to the ability of the United States or the debtor to join additional defendants, section 3013 of the FDCPA provides: "The court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter." 28 U.S.C. § 3013. Because section 3013 grants the district court broad discretion to, among other things, modify the use of any enforcement procedure under the FDCPA, we review for abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 558 (1988) (indicating that matters of discretion are reviewable for abuse of discretion). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Mann*, 161 F.3d 840, 860 (5th Cir. 1998). Because section 3013 authorizes the district court to extend or amend the use of any enforcement procedure under the statute, the district court's modification, taken upon its own initiative and with notice to the interested parties, did not exceed the discretion contemplated by the statute. We find no abuse of discretion in the exercise of the district court's authority to join additional defendants.

C. *The finding that Appellants engaged in a fraudulent transfer of assets*

Having determined that the district court could allow joinder of additional parties on its own motion, we address Appellants' challenge to the district court's factual finding that Namer engaged in the transfer of income and assets "calculated to hinder, delay, and avoid collection of

---

to owe money...to the debtor arising out of the transaction or occurrence giving rise to the debt." 28 U.S.C. § 3012 (emphasis added).

the judgment against him" in violation of the FDCPA.[7]

"We review a district court's findings of fact for clear error and will not reverse a finding of fact unless a review of the entire record leaves us with the definite and firm conviction that a mistake has been committed." *Couch v. Cro-Marine Transp.*, 44 F.3d 319, 327 (5th Cir. 1995) (internal quotation and citation omitted). The evidence in the record adequately supports the district court's finding. There was evidence that assets were transferred directly or indirectly to Voice of America, Inc., America First Communications, Inc., and Namer, Inc. in lieu of payments to Namer for his services. Not only is it apparent from the record that these transfers were made to the various corporate entities on Namer's behalf, it is also readily apparent that this was done in an effort to frustrate the satisfaction of the judgment at issue.[8] There was also sufficient evidence in the record to show that Namer made loans and contributions to Friends of Robert Namer in an effort to avoid collection of the judgment against him. Namer has pointed to nothing in the

---

[7] Appellants challenge the district court's finding of actual intent under 28 U.S.C. § 3304. Appellants assert that the district court only considered section 3304(b)(2)(A) & (B), although other factors "may well mitigate the finding and conclusion of actual intent to defraud." (Appellant Br. at 42.) Although the statute permits the court to consider other factors, it does not so require. *See* 28 U.S.C. § 3304(b)(2) ("In determining actual intent under paragraph (1), consideration *may* be given, *among other factors*, [those factors listed in (A)-(K)]") (emphasis added). Appellants also challenge the finding that the transfer was made "with actual intent to hinder, delay, or defraud a creditor," under section 3304(b)(1)(A), and assert that section 3304(b)(1)(B), which applies to transfers made "without receiving a reasonably equivalent value in exchange for the transfer or obligation," "would appear to be the more appropriate conclusion of law." (Appellant Br. at 43.) Because the transfer was fraudulent under section 3304(b)(1)(A), however, it is irrelevant that the transfer may also have been fraudulent under section 3304(b)(1)(B).

[8] After averring under oath that he was not paid for his services, Namer cryptically stated, "I said that while I am aware that the FTC has been doing for thirteen years, it would not physically be profitable for me to work for anything." (Tr. of Hearing of Aug. 28, 2002, at 62-63.)

record that causes us to question the district court's findings, let alone find them clearly

erroneous.[9]

### D.   *FDCPA statute of limitations for fraudulent transfers*[10]

Appellants assert that all of the transfers in this proceeding fall outside of the relevant

statute of limitations period.[11]

A statute of limitations defense is an affirmative defense. *See* Fed. R. Civ. P. 8(c).  An

affirmative defense places the burden of poof on the party pleading it. *See United States v. Cent.*

*Gulf Lines, Inc.*, 974 F.2d 621, 629  (5th Cir. 1992).  The transfers fall under section

---

[9] Appellants also challenge the district court's "apparent disregard" of affidavits submitted by Namer, Inc., Voice of America, and America First Communications, Inc, which Appellants allege show no improper or actionable asset transfers or inadequate consideration for services performed by Appellant Namer.  These affidavits are hearsay under Rule 801 of the Federal Rules of Evidence.  They do not qualify as a hearsay exception under either Rule 803 or Rule 804.  Under Rule 802, "[h]earsay is not admissible except as provided by [the Federal Rules] or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress."  Accordingly, any claim that the district court failed to adequately consider the affidavits is without merit.

[10] In one sentence, Appellants assert that they are entitled to the defense in 28 U.S.C. § 3307(f)(2).  (Appellant Br. at 43.)  However, it is not clear to us how the defense is applicable here, and Appellants inadequately briefed this issue. *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim.").

[11] 28 U.S.C. § 3306(b) provides:
A claim for relief with respect to a fraudulent transfer or obligation under this subchapter is extinguished unless action is brought--
> (1) under section 3304(b)(1)(A) within 6 years after the transfer was made or the obligation was incurred or, if later, within 2 years after the transfer or obligation was or could reasonably have been discovered by the claimant;
> (2) under subsection (a)(1) or (b)(1)(B) of section 3304 within 6 years after the transfer was made or the obligation was incurred; or
> (3) under section 3304(a)(2) within 2 years after the transfer was made or the obligation was incurred.

8

3304(b)(1)(A). To avail themselves of the relevant statute of limitations defense for a particular transfer, therefore, Appellants must prove that the FTC's claim was brought more than six years after the transfer was made or more than two years after the transfer was or could reasonably have been discovered by the FTC. 28 U.S.C. § 3306(b)(1).

Namer's limited testimony did not establish that the transfers occurred more than six years prior to the commencement of this action. Moreover, even if one or more of the transfers occurred more than six years prior, the evidence failed to call into question the FTC's assertion that it did not learn of the transfers until August 2002, within two years of seeking relief. Likewise, Appellants do not allege that the FTC could reasonably have discovered the transfers any earlier. Accordingly, Appellants have failed to meet their burden of proof.

E.      *Appellants' remaining claims*

Appellants' final two contentions are without merit. Appellants make a cursory assertion, without argument, that the FDCPA may not be applied retroactively. Although the issue is not adequately briefed, it is also without merit. In enacting the FDCPA, Congress provided that the Act "shall apply with respect to actions pending on the effective date of this Act [May 29, 1991]." Pub. L. No. 101-647, § 3631(b)(1), 104 Stat. 4789, 4966 (1990). The original complaint in this action was filed on April 19, 1989. The judgment in this case was entered on November 8, 1991. Therefore, the action was pending on May 29, 1991, and the FDCPA may be applied. Appellants have not made a constitutional challenge to the statute. Accordingly, this claim is unavailing.

Appellants also briefly argue that under 28 U.S.C. § 3201, the lien created by the district court's judgment applies only to real property and not to personal property. However, the district court's order merely joined the Additional Parties as judgment debtors and did not undertake to

9

place a judicial lien on any property. To secure a lien in accordance with 28 U.S.C. § 3201, the FTC must file "a certified copy of the abstract of the judgment in the manner in which a notice of tax lien would be filed." Nothing in this provision, however, limits other remedies available to the United States.

## III. CONCLUSION

For these reasons, we affirm the judgment of the district court.

AFFIRMED.