REVISED AUGUST 19, 2008

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 06-30896
Summary Calendar

---

NATIONAL BUSINESS CONSULTANTS INC; NAMER INC; AMERICA FIRST COMMUNICATIONS INC; VOICE OF AMERICA INC; ROBERT NAMER'S CHILDREN TRUST; ROBERT NAMER; BARBARA NAMER; HERMAN J LOMBAS; SARAH V BROWNLEE; BERNARD BECKLER; RAYMOND L HORRMAN; KEITH W RUSH

Plaintiffs-Appellants

v.

CLAUDE C LIGHTFOOT, JR; UNIDENTIFIED PARTIES

Defendants-Appellees

---

Consolidated with
No. 06-30906

---

ROBERT NAMER

Plaintiff-Appellant

v.

CLAUDE C LIGHTFOOT, JR

Defendant-Appellee

No. 06-30896
c/w No. 06-30906
c/w No. 06-31210

Consolidated with
No. 06-31210

CLAUDE C LIGHTFOOT, JR, in his capacity as receiver of America First Communications Inc

Plaintiff-Appellee

v.

MISS LOU PROPERTIES LLC; SARAH BROWNLEE;  HERMAN J LOMBAS

Defendants-Appellants

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-3191
USDC No. 2:06-CV-2511
USDC No. 2:05-CV-3776

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The efforts by Robert Namer and his related corporate entities to avoid payment of a largely unpaid 1991 judgment to the Federal Trade Commission ("FTC") are once again before this court.[1]  The present appeals all arise from the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] See FTC v. Namer, No. 06-30528, 2007 WL 2974059 (5th Cir. Oct. 12, 2007) (unpublished); FTC v. Nat'l Bus. Consultants, Inc., 376 F.3d 317 (5th Cir. 2004); Namer v. FTC, No. 95-31312, 1996 WL 731528 (5th Cir. Nov. 27, 1996)

No. 06-30896
c/w No. 06-30906
c/w No. 06-31210

same underlying civil action and involve the ongoing efforts of court-appointed receiver Claude Lightfoot ("the Receiver") to assist the court in satisfying the judgment. We consolidate the appeals, and AFFIRM the district court in each of its orders described below.

The appeals in Nos. 06-30906 and 06-30896, which were filed by Namer and/or various of his corporate and individual associates, present the same exact issues for review. They concern (1) the district court's finding of immunity for the Receiver for certain acts, (2) the district court judge's refusal to recuse himself, and (3) the district court's sanction barring further pleadings by Namer or any of his associates concerning various civil actions. The appeal in No. 06-31210 challenges the district court's grant of summary judgment to the Receiver, which resulted in the setting aside of a transfer of real property and related mortgages from a co-debtor corporate affiliate of Namer's to another entity.

Regarding Nos. 06-30906 and 06-30896, we agree with the district court that the Receiver was immune from suit as to the actions brought by Namer and/or his associates. See Foust v. McNeill, 310 F.3d 849, 855 (5th Cir. 2002). The seizures at issue—a building and certain of its contents at 3313 Kingman Street, Metairie, Louisiana, and a radio facility in Covington, Louisiana—were made by a receiver who was court-appointed and authorized to take such action. "Court appointed receivers act as arms of the court and are entitled to share the appointing judge's absolute immunity provided that the challenged actions are taken in good faith and within the scope of the authority granted to the receiver." Davis v. Bayless, 70 F.3d 367, 373 (5th Cir. 1995). The Receiver was authorized "to assume control, manage, and investigate the financial affairs [of the co-debtors] . . . and liquidate their assets." Although Namer and his

---

(unpublished); FTC v. Nat'l Bus. Consultants, Nos. 93-3033 & 93-3104, 1994 WL 57364 (5th Cir. Feb. 11, 1994) (unpublished).

No. 06-30896
c/w No. 06-30906
c/w No. 06-31210

associates claim that the Receiver acted outside the scope of his authority, the judicial record, which identifies repeated efforts by the Receiver and the court to balance payment of the grossly overdue debt with other property interests, belies such a claim to the extent of the expressly authorized liquidations.

Even if the Receiver arguably exceeded his authority with respect to the method and consequences of the liquidations, no leave of court was sought to sue him, as required by law for bringing suit against court-appointed receivers in any event. See Carter v. Rodgers, 220 F.3d 1249, 152–53 (11th Cir. 2000). There is an exception for on-going business activities. See 28 U.S.C. § 959(a) (providing receivers may be sued "without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property"). However, Namer and his affiliates concede that the Receiver "ceased all . . . business operations" at the Metairie property and "turned off the radio station" in Covington. Thus, because the Receiver's actions did not involve the "carrying on [of] business," but only liquidation, leave of court was required even if immunity was lost. See Muratore v. Darr, 375 F.3d 140, 143–44 (1st Cir. 2004) (noting that the "limited exception" of Section 959(a) to obtaining leave to sue a receiver only applies in "conducting the debtor's business in the ordinary sense of the words or in pursuing that business as an operating enterprise").

Turning to the recusal and sanction issues, we held in FTC v. Namer, No. 06-30528, 2007 WL 2974059, at *3–6 (5th Cir. Oct. 12, 2007) (unpublished), that the district court did not err by denying requests to recuse itself or hold a recusal hearing, and we reaffirm that holding here as to alleged bias pre-dating Namer's suits against the Receiver for those same reasons. Moreover, as to the Receiver's appointment, reduction of his bond, and the alleged denial of representation for the corporate entities, judicial rulings alone do not provide a basis for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994). Finally, the sanction

No. 06-30896
c/w No. 06-30906
c/w No. 06-31210

imposed by the district court on the parties in Nos. 06-30896 and 06-30906 was not an abuse of discretion. See Baum v. Blue Moon Ventures, LLC, 513 F.3d 181, 187 (5th Cir. 2008). As the district court observed, the cases at issue are part of a continuous pattern of evasion and abuse of the administration of justice that must cease. This court reaffirms its grave warning in October 2007 that future frivolous appeals will not be tolerated. Namer, 2007 WL 2974059, at *11.

With regard to No. 06-31210, apart from the sanction issue noted, the district court did not err in its grant of summary judgment to the Receiver as to the transfer of real estate and mortgages from America First Communications, Inc. ("AFC") to Miss Lou, LLC. See Medlin v. Palmer, 874 F.2d 1085, 1089 (5th Cir. 1989). AFC was jointly liable for a debt of more than $3 million created by the FTC judgment, an amount far more than the total of AFC's then-existing assets. AFC did not receive a reasonably equivalent value in exchange for the transfer, accepting approximately twenty-five percent of cash value and the transfer of mortgages with subordinate collection rights. Thus, the district court did not err in finding that the transfer was fraudulent under applicable federal law, see 28 U.S.C. § 3304(a)(1), and ordering corresponding relief.

For the reasons stated above, we AFFIRM in all respects the judgments of the district court in the cases underlying the three appeals at issue.