# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 26, 2012

No. 12-30026
Summary Calendar

Lyle W. Cayce
Clerk

FEDERAL TRADE COMMISSION

Plaintiff-Appellee

v.

ROBERT NAMER

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
CV No. 89-1740

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Robert Namer appeals the judgment of the district court approving the renewal of the United State's judgment liens created in this matter under the provisions of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3201(c)(2)(B). Namer argues that the money judgment dated November 8, 1991 became invalid and unenforceable ten years later on November 8, 2001, as it was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30026

never revived within ten years after it was rendered as required by Louisiana Civil Code Article 3501. This argument is without merit.

Although Federal Rule of Civil Procedure 69(a)(1) provides that the federal government's enforcement by writ of execution "must accord with the procedures of the state where the court is located," that Rule goes on to provide that notwithstanding this directive, "a federal statute governs to the extent it applies." Fed R. Civ. P. 69(a)(1). The Federal Debt Collection Procedures Act of 1990 ("FDCPA") is such a statute. The FDCPA provides that, with the exception of conflicting federal law, it "provides the exclusive civil procedures for the United States to . . . recover a judgment on a debt." 28 U.S.C. § 3001. The judgment liens at issue in this case are "debts" within the meaning of the FDCPA. *Federal Trade Commission v. National Business Consultants, Inc.*, 376 F.3d 317 (5th Cir. 2004) (an earlier proceeding in this case). The FDCPA further Provides that it "shall preempt State law to the extent such law is inconsistent." 28 U.S.C. § 3003(d).

The Louisiana state law Namer relies on, Louisiana Civil Code Article 3501, clearly conflicts with the provisions of the FDCPA. It provides that a money judgment "is prescribed by the lapse of ten years from its signing" although any party having an interest in the judgment may have it revived before it prescribes, as provided in Article 2031 of the Code of Civil Procedure. *Id.* In contrast, the FDCPA provides for the duration of liens as follows:

(c) Duration of lien; renewal.

(1) Except as provided in paragraph (2), **a lien created under subsection (a) is effective, unless satisfied, for a period of 20 years**.

No. 12-30026

(2) Such lien may be renewed for one additional period of 20 years upon filing a notice of renewal in the same manner as the judgment is filed and shall relate back to the date the judgment is filed if–

(A) the notice of renewal is filed before the expiration of the 20-year period to prevent the expiration of the lien; and

(B) the court approves the renewal of such lien under this paragraph.

28 U.S.C. § 3201 (emphasis added).  Louisiana Civil Code Article 3501, which would preclude enforcement of the judgment after ten years from the entry of that judgment unless timely revived, is such an inconsistent state law and is, therefore, preempted.  The FDCPA allows twenty years for renewal of judgments.  See 28 U.S.C. § 3201.

> Further, because the purpose of the FDCPA "is to create a comprehensive statutory framework for the collection of debts owed to the United States government [and to] improve the efficiency and speed in collecting those debts," H.R. Rep. No. 101-736, at 32 (1990), a state law limiting such collection is inconsistent with the purpose of the act and is, therefore, preempted.

*United States v. Gianelli*, 543 F.3d 1178, 1183 (9th Cir. 2008) (dealing with California law precluding enforcement of a judgment when 10 years has passed since the judgment was entered).  We agree with *Gianelli* on the following point as well.

> Although not binding upon us, the reasoning of *United States v. Pierce*, 231 B.R. 890, 893 (E.D.N.C. 1998) supports our conclusion. In *Pierce*, the district court rejected the argument that where the government proceeded to enforce a judgment under the FDCPA, Federal Rule of Civil Procedure 69(a)(1) incorporated a state law limitation prohibiting enforcement after ten years. *Id.* That court reasoned that, in light of the legislative history underlying the

No. 12-30026

FDCPA and the language of the statute itself, binding the federal government to state law limitations on enforcement "would completely thwart the FDCPA's stated purpose of the creation of uniform federal procedures for the collection of debts to the federal government." *Id.*

Accordingly, the judgment of the district court is AFFIRMED.