IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————

No. 16-40367

————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAFAEL RIOS MARROQUIN, also known as Tomas Andres Marroquin,

Defendant - Appellant

consolidated with

16-40368

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAFAEL RIOS MARROQUIN,

Defendant - Appellant

————

Appeals from the United States District Court
for the Southern District of Texas

————

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2018

Lyle W. Cayce
Clerk

No. 16-40367 c/w 16-40368

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

GREGG COSTA, Circuit Judge:

The opinion previously issued in this case is withdrawn, and the following opinion is substituted in its place:

Rafael Rios Marroquin pleaded guilty to illegal reentry. He was sentenced within the 21 to 27 months Guidelines range to 25 months in prison. That range was based on a criminal history category of V, which applies to the 11 criminal history points assigned to Marroquin. Two of those points were for a North Carolina conviction for a drug offense that occurred in 2005. Another two points were for a North Carolina conviction for violating the same statute in 2006. The North Carolina court had consolidated those two cases into a single judgment and sentenced Marroquin to a single six-to-eight-month sentence.

Marroquin argues that it was error to assign criminal history points for both North Carolina offenses given that they were consolidated into a single judgment. Because he did not raise this objection in the district court, Marroquin must show an error that was plain and that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he can do so, then we have the discretion to remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (citation omitted).

He easily clears the first hurdle. It was error to score the consolidated sentence twice. The North Carolina "Consolidation of Sentences" statute provides that if "an offender is convicted of more than one offense at the same time, the court may consolidate the offenses for judgment and impose a single judgment for the consolidated offenses." N.C. GEN. STAT. ANN. § 15A-1340.15(b). That is what the state court chose to do for Marroquin's two offenses: it consolidated them into a single judgment and imposed a single

sentence.  Under the Guidelines, which assign criminal history points for "each prior sentence" rather than each offense, that single sentence is assigned one score.   U.S.S.G. § 4A1.1 (2014).   Straightforward interaction of the North Carolina statute and the Sentencing Guidelines thus demonstrates that the consolidated North Carolina offense should have received a single score.  This is also the view of the Fourth Circuit, *see United States v. Davis*, 720 F.3d 215, 219 (4th Cir. 2013), which is given deference in its interpretation of the law of a state within its jurisdiction, *see Phillips v. Washington Legal Found.*, 524 U.S. 156, 167 (1998).   As the North Carolina offenses resulted in a single sentence of at least sixty days but less than one year and one month, two points should have been assigned instead of four.  U.S.S.G. § 4A1.1(b).

The government argues that any error was not obvious, relying on our unpublished decision in *United States v. Rodriguez-Prieto*, 491 F. App'x 514 (5th Cir. 2012) (per curiam).  But in *Rodriguez-Prieto*, the district court treated a consolidated North Carolina sentence the way Marroquin's should have been treated: it assigned one criminal history score based on the sentence's length. *Id.* at  515 (explaining that one of the defendant's North Carolina offenses was not assigned any points because it was "counted together" as a result of the consolidated sentence law).   At issue in *Rodriguez-Prieto* was the district court's decision to then add a single point for the North Carolina offense that was not assigned ordinary criminal history points because it was an unscored crime of violence.  *Id.*  This was pursuant to what was then section 4A1.1(f) of the Guidelines (now section 4A1.1(e)), which adds one point for a sentence "resulting from a conviction for a crime of violence that did not receive any points" under the standard scoring rules.  U.S.S.G. § 4A1.1(f) (2009) ); U.S.S.G. § 4A1.1(e) (2014).  That provision does not apply to Marroquin's drug offenses. There nonetheless is some language in *Rodriguez-Prieto* that suggests it would not be error to separately assess criminal history points for each of the

consolidated offenses.    Ambiguous language in an unpublished opinion addressing a distinct issue is not enough, however, to undermine the clear answer that the North Carolina statute, Sentencing Guidelines, and Fourth Circuit case law provide to the question we confront. *See United States v. Silva-De Hoyos*, 702 F.3d 843, 849 (5th Cir. 2012) (finding obvious error when the unambiguous language of a statute revealed the error).

The next issue is whether Marroquin can show that this obvious error substantially affected his sentence.  Taking away the two points that should not have been included reduces his criminal history category from a V to IV. That would result in an advisory Guidelines range of 15 to 21 months instead of the range of 21 to 27 months the court used in sentencing Marroquin.  When "a defendant is sentenced under an incorrect Guidelines range," the error will usually result in prejudice to the defendant. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).  The prejudice is even stronger when the correct Guidelines range is below the defendant's sentence, as it is for Marroquin.

But unique circumstances may overcome this rule that a Guidelines error ordinarily will harm the defendant. *Id*. at 1346.  The government tries to show this is one of those atypical cases by arguing that another criminal history scoring error inured to Marroquin's benefit.  Marroquin was convicted of another North Carolina drug offense that like the consolidated sentence resulted in a prison term of six to eight months. But the state court suspended that sentence and placed Marroquin on 30 months' supervised probation, with 30 days imprisonment as a condition of probation.  The government contends that Marroquin should have received two points instead of one for this conviction because the court ordered that Marroquin receive credit for 119 days that he served in custody prior to the suspension of the sentence.  Those 119 days spent in custody should have, the government argues, resulted in two

points for this sentence rather than the one it was assigned in the PSR.[1]  *See United States v. Fernandez*, 743 F.3d 453, 455–56 (5th Cir. 2014) (discussing the effect of a "time served 'credit'").  That additional point would have kept Marroquin in Category V even with a correction for the consolidated North Caroline sentence.  But the judgment is ambiguous at best about the effect of the 119-day credit.  The court checked a box saying the credit is being "applied toward the . . . imprisonment required for special probation[.]"  That term of imprisonment was just 30 days.  Not checked is a box that would have applied the time served more generally to "the sentence imposed above."  Because the credit may have just satisfied the 30-days in custody that was a condition of probation, rather than the lengthier suspended sentence, the government has not shown this to be a case in which prejudice did not result from an error that affected the Guidelines range.

That leaves the requirement that Marroquin show the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.  The combined nature and impact of the error satisfy that high burden.  The error reflected a basic misunderstanding of the state sentencing scheme under which Marroquin was sentenced.  The error would not have occurred if Marroquin had been sentenced in a federal court in the circuit that includes that state.  And although the four-month disparity between his sentence and the corrected Guidelines range is not sizeable, we have corrected errors with a similar impact.  *See, e.g.*, *United States v. Guillen-Cruz*, 853 F.3d 768, 775–77 (5th Cir. 2017) (finding plain error when the imposed sentence was eight months above the correct Guidelines range); *United States v. Santacruz-*

---

[1] The threshold for two points is 60 days, so the 30 days would count as one point but 119 days would count as two.  *See* U.S.S.G. § 4A1.1(b), (c); *see also id.* § 4A1.2, cmt. n.2 (explaining that a probation sentence should be assigned one point "unless a condition of probation requiring imprisonment of at least sixty days was imposed.").

*Hernandez*, 648 F. App'x 456, 458 (5th Cir. 2016) (per curiam) (finding plain error when the imposed sentence was two months above the correct Guidelines range); *United States v. Carrizales-Jaramillo,* 303 F. App'x 215, 217 (5th Cir. 2008) (per curiam) (finding plain error when the imposed sentence was one month above the correct Guidelines range). The cumulative force of these considerations compels us to correct the error.

As a final note, Marroquin was simultaneously sentenced on his new illegal reentry offense and for the revocation of his supervised release on a prior one (he received a consecutive eight-month sentence for the revocation). The appeals of the two were consolidated. Although Marroquin does not identify a separate error in his revocation proceeding, the government agrees with him that vacatur of the new sentence should also result in vacatur of the revocation sentence so the district court can consider both anew given the potential impact of one of the sentences on the other. So we remand for a full resentencing at which the government can raise its argument about the 119-day credit.

* * *

The judgments are VACATED and both matters are REMANDED for resentencing.