# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40007

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

CARLOS JUAREZ-MARTINEZ,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-660-1

Before BARKSDALE, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Carlos Juarez-Martinez pleaded guilty to being unlawfully in the United States following a prior deportation, in violation of 8 U.S.C. § 1326. The presentence report (PSR) recommended a 16-level sentencing enhancement based on Juarez-Martinez's 2011 Georgia conviction for burglary, deeming it a crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii)

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40007

(2015).   At the sentencing hearing, the district court imposed a within-Guidelines sentence of 70 months of imprisonment.

Juarez-Martinez appeals, arguing that the district court improperly enhanced his sentence based on this burglary conviction, an argument he concedes he did not raise below.  In light of this forfeiture, we review this issue for plain error only.  *See United States v. Hernandez*, 690 F.3d 613, 620 (5th Cir. 2012).  To establish plain error, Juarez-Martinez must show: (1) an error or defect, (2) that is clear or obvious, and (3) affected his substantial rights. *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).  If these three elements are satisfied, this court has the discretion to remedy the error "if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *Puckett*, 556 U.S. at 135).

Under the applicable 2015 version of the Guidelines, a defendant is subject to a sentencing enhancement under § 2L1.2(b)(1)(A)(ii) if he was previously deported after a felony conviction for a "crime of violence" that receives criminal history points.   As relevant here, this definition of "crime of violence" includes certain enumerated offenses, including "burglary of a dwelling." *See* § 2L1.2(b)(1)(A)(ii) cmt. n.1.  We have defined "burglary of a dwelling" as "generic" burglary, i.e., the "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *United States v. Murillo-Lopez*, 444 F.3d 337, 341, 344–45 (5th Cir. 2006) (citing *Taylor v. United States*, 495 U.S. 575, 598 (1990)).

Juarez-Martinez contends that the Georgia statute governing his 2011 burglary conviction is broader than this generic definition of burglary and therefore is not a crime of violence for purposes of  § 2L1.2.  Though we have previously held otherwise, *see United States v. Martinez-Garcia*, 625 F.3d 196

2

No. 16-40007

(5th Cir. 2010), our intervening en banc decision in *United States v. Herrold*, 883 F.3d 517, 536 (5th Cir. 2018), makes it clear that our previous holding that the Georgia burglary statute is a crime of violence does not control our decision.

The relevant Georgia statute reads: "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another." GA. CODE ANN. § 16-7-1 (2010). Juarez-Martinez contends that, under Georgia law, a jury is not required to determine whether the intent to commit a crime arose before an unlawful entry or remaining in as opposed to *after* one has already unlawfully remained in the dwelling. *See, e.g.*, *Jackson v. State*, 270 Ga. 494, 496 (1999) ("intent necessary for commission of burglary need not be formed at precise moment of entry, but can be formed *while perpetrator remains* on premises" (citing *Hewatt v. State*, 455 S.E.2d 104, 106 (Ga. Ct. App. 1995)) (emphasis added)); *Littleton v. State*, 485 S.E.2d 230, 232 (Ga. Ct. App. 1997) ("[T]he jury was authorized to determine that at some point before he entered the house or *while he remained* in it, [the defendant] intended to commit aggravated assault." (emphasis added)); *see also United States v. Bernel-Aveja*, 844 F.3d 206, 235 & n.124 (5th Cir. 2016) (Owen, J., concurring) (citing *Williams v. State*, 601 S.E.2d 833, 836 (Ga. Ct. App. 2004), for the proposition that GA. CODE ANN. § 16-7-1 does not require a jury to determine whether a defendant forms intent prior to unlawfully entering or remaining in). Accordingly, Juarez-Martinez argues that the Georgia statute is indivisible as to the issue of when the defendant forms the intent to commit a felony. *See Herrold*, 883 F.3d at 523 ("Under *Mathis* [*v. United States*, 136 S. Ct. 2243 (2016)], when state law does not require jury unanimity between statutory alternatives, the alternatives cannot be divisible."). The Government

does not dispute this interpretation of Georgia law.[1]   In light of the Government's implicit concession, we need not decide whether the cases cited by Juarez-Martinez provide the best or only interpretation of Georgia law, but we do accept this interpretation for the purposes of this appeal. *See, e.g., FTC v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 320 n.6 (5th Cir. 2004); *United States v. McKeever*, 894 F.2d 712, 714 n.1 (5th Cir. 1990).

This court, sitting en banc, recently affirmed that generic burglary requires that defendants "possess the intent to commit a crime while remaining in this narrower sense—that is, at the moment they exceed their license in order to commit the crime." *Herrold*, 883 F.3d at 532; *accord Bernel-Aveja*, 844 F.3d at 213–14; *United States v. Herrera-Montes*, 490 F.3d 390, 392 (5th Cir. 2007).   Under Juarez-Martinez's proffered interpretation, which we accept for purposes of this appeal, Georgia burglary is therefore broader than generic burglary inasmuch as the jury is free to decide that intent was formed after, rather than contemporaneously with, an unlawful entry or remaining-in.   To the extent the holding of *Martinez-Garcia* encompasses a contrary view, it would be abrogated by *Herrold*.[2]

Moreover, while the error may not have been plain when this matter was before the district court, "whether a legal question was settled or unsettled at

---

[1] The Government contends that *Herrold* was wrongly decided, which, of course, is unavailing: we are bound by our en banc precedent.   The Government also discusses an Eleventh Circuit opinion holding that Georgia's burglary statute is divisible as to its locational element. *See United States v. Gundy*, 842 F.3d 1156, 1168–69 (11th Cir. 2016). However, the Eleventh Circuit in *Gundy* did not consider Juarez-Martinez's argument that the statute is indivisible as to when one forms the intent to commit a felony.   Therefore, its holding has no bearing on our decision.

[2] We have yet to definitively decide whether, pursuant to our rule of orderliness, a panel is bound by a prior panel's holding if the prior panel did not consider or address a potentially dispositive argument made before the later panel. *See United States v. Castillo-*

the time of [sentencing], it is enough that an error be 'plain' at the time of appellate consideration." *Henderson v. United States*, 568 U.S. 266, 279 (2013) (cleaned up). One need not carefully parse the Georgia cases discussed above to determine that, under *Herrold*, the Georgia burglary statute is indivisible as to when the intent to commit a felony is formed and broader than generic burglary. Thus, the enhancement is plainly erroneous.

Juarez-Martinez contends, and the Government does not dispute, that without the enhancement for his prior Georgia burglary conviction his Guidelines range would have been, "at most," 30–37 months of imprisonment. Instead, the district court imposed a sentence of 70 months of imprisonment, at the bottom of the now plainly erroneous Guidelines range. Accordingly, Juarez-Martinez has shown an effect on his substantial rights. *See, e.g.*, *United States v. Marroquin*, 884 F.3d 298, 301 (5th Cir. 2018) ("When 'a defendant is sentenced under an incorrect Guidelines range,' the error will usually result in prejudice to the defendant." (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016))). And this significant disparity between the correct range and the incorrect sentence, combined with the absence of any countervailing considerations, supports the exercise of our

---

*Rivera*, 853 F.3d 218 221 n.1 (5th Cir. 2017) (en banc) (declining to address "the proper application of this circuit's rule of orderliness in cases where a party made an explicit concession before a prior panel that is dispositive in a future case"). Thus, it is not clear whether *Martinez-Garcia*, which did not address the breadth or divisibility of the element at issue here, 625 F.3d at 198–99, actually contains a holding that may conflict with *Herrold*. *Compare, e.g.*, *Sykes v. Tex. Air Corp.*, 834 F.2d 488, 492 (5th Cir. 1987) ("The fact that [in a prior case] no litigant made and no judge considered the fancy argument advanced in this case does not authorize us to disregard our Court's strong rule that we cannot overrule the prior decision."), *with, e.g.*, *Thomas v. Tex. Dep't of Criminal Justice*, 297 F.3d 361, 370 n.11 (5th Cir. 2002) ("Where an opinion fails to address a question squarely, we will not treat it as binding precedent.").

discretion to correct the error.  *See Rosales-Mireles v. United States,* No. 16-9493, 2018 WL 3013806*,* at \*4 (U.S. June 18, 2018).

Because the district court's sentencing error was plain, affected Juarez-Martinez's substantial rights, and seriously affects the fairness, integrity or public reputation of judicial proceedings, we exercise our discretion to REVERSE and REMAND for resentencing.